T.C. Memo. 2001-280


UNITED STATES TAX COURT


CHARLES E. AND JACQUELYN YATES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 5386-00, 8504-00.          Filed October 11, 2001.


<u>Bruce M. Reynolds</u> and <u>Ashley W. Ward</u>, for petitioners.

<u>Michael D. Zima</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  By notices dated February 9 and June 23,
2000, respondent determined deficiencies in petitioners' 1994,
1995, and 1996 Federal income taxes of $237,945, $457,955, and
$172,586, respectively.  All section references are to the
Internal Revenue Code in effect for the years in issue, and all
Rule references are to the Tax Court Rules of Practice and

Procedure. After concessions, the issue remaining for determination is whether certain transfers from Adena Fuels, Inc. (Adena), to Fox Trot Corp. (Fox Trot), increased petitioners' basis in Fox Trot.

## FINDINGS OF FACT

Charles and Jacquelyn Yates (petitioners) resided in Clearwater, Florida, when they filed their petition.

During 1993 through 1996, Mr. Yates was the sole shareholder, officer, and director of several mining and mining-related corporations (mining companies), including Adena, an S corporation, and Adena Processing Company (Adena Processing), operating in Eastern Kentucky. Mrs. Yates is not, and has never been, a shareholder, officer, or director of any of the mining companies.

From 1993 through 1996, Mr. Yates employed Larry Adams, a certified public accountant. Mr. Adams kept the books for petitioners and their companies. Because of Mr. Yates' frequent unavailability, Mr. Adams had the authority to sign Adena's checks.

From 1993 through 1996, petitioners wrote 409 checks on Adena's account, totaling $1,831,156, for various personal expenses. In addition, at Mr. Yates' direction, Adena personnel wrote 113 checks, totaling $2,231,248, to or for petitioners. These payments were charged to Mr. Yates' accumulated adjustments

account and treated as dividends from Adena, reducing his basis in Adena's stock. Mr. Adams knew about and acquiesced to petitioners' practice of paying personal expenses with funds from the Adena account.

Mr. Yates personally guaranteed a large amount of debt relating to the mining companies (mining debt) and was concerned about the likelihood of personal injury lawsuits relating to employees of such companies. In an attempt to protect some of his assets from these risks, and to provide a mechanism to accumulate assets for retirement, on December 16, 1992, Mr. Yates incorporated Fox Trot as an S corporation. Through Fox Trot petitioners purchased, improved, and operated a Kentucky farm. Mr. Yates kept Fox Trot's assets and liabilities separate from those of the mining companies.

From January 1, 1993, until September 1, 1994, Mr. Yates was the sole shareholder of Fox Trot. On September 1, 1994, to further separate Fox Trot's assets from the mining companies' risk, Mr. Yates gave all of Fox Trot's stock to Mrs. Yates, who was the sole shareholder of Fox Trot from September 1, 1994, through 1996.

During the years in issue, Fox Trot experienced substantial losses. Mr. Yates used funds from Adena to finance Fox Trot.

Pursuant to Mr. Yates' direction, Mr. Adams transferred funds from Adena to Fox Trot and recorded the transactions as follows[1]:

| Date | Amount | Adena's Books | Fox Trot's Books |
|------|--------|---------------|------------------|
| 1993 | $1,920,112 | Distribution to Mr. Yates | Contribution to capital |
| 1993 | 1,037 | Accumulated Adjustments Account | Contribution to capital |
| Jan. 1 through Sept. 1, 1994 | 853,557 | Loans to Mr. Yates | Accounts Payable – Mr. Yates |
| Sept. 1 through Dec. 31, 1994 | 415,279 | Loans to Mr. Yates | Accounts Payable – Mr. Yates |
| Jan. 1 through Oct. 15, 1995 | 293,360 | Accounts Receivable – Yates | Accounts Payable - Yates |
| Jan. 1 through Oct. 15, 1995 | 543,447 | Accumulated Adjustments Account | Accounts Payable - Yates |

A loan agreement entered in 1994 relating to the mining debt limited Mr. Yates' dividends from Adena to 90 percent of Adena's earnings, but did not restrict his ability to borrow from Adena. In response, Mr. Yates directed Mr. Adams to change the posting procedure, beginning on October 1, 1994, so that subsequent transfers of funds from Adena to Fox Trot were posted as either distributions or loans from Adena to Mr. Yates and as either capital contributions or loans from Mr. Yates to Fox Trot. Mr. Adams recorded, in Adena's books, the 1995 transfers of funds

------

[1]From 1993 through Sept. 30, 1994, Mr. Adams initially recorded transfers in the "Due to/from Fox Trot" account of Adena's books, and the "Due to/from Adena" account in Fox Trot's books. Mr. Adams, at the end of 1993, reposted the 1993 transfers in Adena's books as distributions or loans from Adena to Mr. Yates and in Fox Trot's books as contributions to capital. Similarly, prior to the end of 1994, Mr. Adams posted the 1994 transfers in Adena's books as loans to Mr. Yates and in Fox Trot's books as accounts payable to (i.e., loans from) Mr. Yates.

- 5 -

from Adena to Fox Trot as accounts payable to (i.e., loans from) petitioners.

On December 31, 1994, Mr. Yates executed a note (1994 note), promising to pay Adena $1,241,409, plus 5 percent interest, due December 31, 1995. The 1994 note evidenced the amount Mr. Yates owed Adena relating to the 1994 transfers to Fox Trot. On October 15, 1995, Mrs. Yates repaid $855,000 to Adena, and on December 31, 1995, Mr. Yates executed a new note to Adena for $435,214.28 (i.e., the balance owing on the 1994 note).

Petitioners filed joint income tax returns for 1994, 1995, and 1996. On their 1994, 1995, and 1996 income tax returns petitioners claimed losses passed through from Fox Trot. In the notices of deficiency, respondent determined that petitioners lacked sufficient basis in Fox Trot to pass through its losses during the years in issue, disallowing losses of $837,556, $854,372, and $728,243 in 1994, 1995, and 1996, respectively, and a net operating loss deduction of $522,439 in 1995.

OPINION

Respondent contends that the transfers from Adena to Fox Trot were intercompany loans that did not affect petitioners' basis in Fox Trot. Petitioners contend: (1) The transfers from Adena to Fox Trot before September 1, 1994, were, in substance, transfers from Mr. Yates to Fox Trot that increased Mr. Yates' stock basis in Fox Trot; and (2) the transfers after September 1,

1994, were gifts from Mr. Yates to Mrs. Yates that increased her basis in Fox Trot.  We agree with petitioners.

Pursuant to section 1366(a), an S corporation shareholder is allocated a pro rata share of its income and losses, which may be reported on such shareholder's individual income tax return. Pursuant to section 1366(d), a shareholder, however, may deduct S corporation losses only to the extent of such shareholder's basis.  Basis in an S corporation is acquired by contributing capital or lending money to the corporation.  See sec. 1366(d).

Generally, a shareholder must make an actual economic outlay to increase his basis in an S corporation.  See Pugh v. Commissioner, 213 F.3d 1324, 1330 (11th Cir. 2000), affg. T.C. Memo. 1999-38.

Because of Mr. Yates' frequent unavailability, Adena made direct transfers from 1993 through October 15, 1995, to or for Fox Trot.  During 1993 through October 1, 1994, Mr. Adams typically made temporary postings, until he determined the correct treatment of the transfers.

Petitioners paid personal expenses from the Adena account and used Adena as an incorporated pocketbook.  To the extent transfers from Adena were contributions or loans to Fox Trot from its shareholder (i.e., Mr. or Mrs. Yates) the shareholder's basis increased.  Mr. Yates transferred money he held in Adena's account to Fox Trot.  Further, for transfers from January 1

through September 1, 1994, Fox Trot incurred indebtedness to Mr. Yates of $853,557. Accordingly, Mr. Yates was entitled to increase his basis in Fox Trot by $2,774,706 as a result of the loans and capital contributions made to Fox Trot before Mr. Yates transferred the Fox Trot stock to Mrs. Yates. Culnen v. Commissioner, T.C. Memo. 2000-139 (allowing an S corporation shareholder to increase his basis as a result of similar transactions).

The uncontradicted and credible testimony of Mr. Yates established that Mr. Yates made gifts to Mrs. Yates of the subsequent transfers from Adena. Mr. Yates, however, skipped the steps of having Adena transfer such funds to him, depositing the funds into petitioners' joint account, and then having Mrs. Yates write a check to Fox Trot. Accordingly, these transfers increased Mrs. Yates' basis in Fox Trot.

Contentions we have not addressed are moot, irrelevant, or meritless.

To reflect the foregoing,

> Decisions will be entered
> under Rule 155.